IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EALISE CRUMB                            :

                              :

    v.                                  :    Civil Action No. DKC 15-1719

                              :

McDONALD'S CORPORATION, et al.          :

**MEMORANDUM OPINION AND ORDER**

On March 18, 2015, Plaintiff Ealise Crumb, proceeding *pro se*, filed a complaint against multiple defendants in the Circuit Court for Prince George's County, Maryland. (ECF No. 2). Defendants removed the action to this court on June 11, 2015 on the basis of federal question jurisdiction. (ECF No. 1). Attached to the removal notice is a certificate of service indicating that copies were mailed to all parties, including Plaintiff, on June 11, 2015. Defendants subsequently moved to dismiss or for summary judgment on June 18, 2015, (ECF No. 16), and a *Roseboro* notice was mailed to Plaintiff (ECF No. 17).

On June 23, 2015, the court received a letter from Plaintiff indicating that she had not been provided with a copy of any document filed in this case except the answer filed by Defendants Alvarez and Ram Foods, Inc. (ECF No. 18). On July 1, 2015, the court received another letter from Plaintiff indicating that, on June 30, 2015, she received from Prince

George's County a stack of loose papers consisting of 101 pages and identified each document that was included in the mailing she received. (ECF No. 22). Plaintiff also specified the documents she has not yet received, including the Notice of Removal. The court issued an order on July 2, 2015, construing Plaintiff's correspondence as a motion for the court to order Defendants to provide Plaintiff copies of certain filings and for an extension of time to respond to the dispositive motion. (ECF No. 23). Defendants were directed to mail to Plaintiff the filings she stated she had not received and to file a certificate of service with the court reflecting said mailing, and extending the time for Plaintiff to respond to Defendants' dispositive motion until July 20, 2015. (*Id.* at 2-3). Defendants thereafter filed certificates of service. (ECF No. 25).

On July 7, 2015, Plaintiff filed a request to extend two deadlines: the time to move to remand, and the time to respond to the motion to dismiss or for summary judgment. (ECF No. 27). Plaintiff indicates in her motion that she did not receive any of the filings in the case until June 25, 2015, when she purportedly received 101 "loosely unstapled pages." (*Id.* at 6-7).

2

It appears that counsel for Prince George's County might have prematurely filed a Notice of Removal in the Circuit Court, dated May 26, 2015.  Counsel did not actually remove the case until June 11, 2015.  Plaintiff states that she became aware of the removal at least by June 8, 2015, when she visited the Circuit Court for Prince George's County to review her file and saw the Notice of Removal, date stamped May 26, 2015.  (ECF No. 27 at 3, and 27-5).  Plaintiff made efforts by contacting both clerk's offices to find out the status of the case, but the time lag between filing the notice in state court and filing in this court caused some confusion.

Plaintiff requests an extension of time of forty-six (46) days to file a motion to remand and an opposition to Defendants' dispositive motion.  Prince George's County consents to extending the time to respond to its motion to dismiss or for summary judgment, but suggests the request is for too long a time.  (ECF No. 28).  It opposes the request to extend the time for moving to remand.  (ECF No. 29).

There is no time limit for filing a motion to remand based on lack of subject matter jurisdiction, and thus Plaintiff does not need an extension of time for that purpose.  On the other hand, a motion to remand must be filed within thirty (30) days

after the notice of removal is filed if the basis for remand is "any defect *other than* lack of subject matter jurisdiction." 28 U.S.C. § 1447(c) (emphasis added). Plaintiff seeks an extension of time to move to remand because defense counsel allegedly failed to mail to her the Notice of Removal when the action was removed on June 11, 2015. The Notice of Removal contains a certificate of service indicating that a copy of the Notice was sent on June 11, 2015 by first class mail, postage pre-paid to Plaintiff's address of record. (*See* ECF No. 1, at 4). Moreover, by Plaintiff's own admission, she became aware that Defendants had removed (or planned to) remove the action by June 8, 2015. (ECF No. 27, at 3). The clerk of this court mailed a letter to her on June 15, 2015, advising her of the removal. (ECF No. 10). The court received a letter from Plaintiff on June 23, 2015, (ECF No. 18), well within the thirty day period after removal.

In any event, it is not at all clear that the court even has the authority to extend the time to file a motion to remand based on procedural defects. *See*, *e.g.*, *Trustees of United Teachers of New Orleans Health & Welfare Fund v. Hanover Ins. Co.*, Civ. Action No. 06-6799, 2006 WL 3845001, at *1 (E.D.La. Dec. 29, 2006); *Shock v. CDI Affiliated Services, Inc*., No. CV-

09-635-S-BLW, 2010 WL 672148, at *2-3 (D.Idaho. Feb. 20, 2010) ("Here, Plaintiff's Motion for an Extension of Time was filed on January 19, 2010, which is more than thirty days after Defendants filed the Notice of Removal on December 8, 2009. Given the thirty-day statutory limit, and because the court cannot find any other basis to grant an extension of time in these circumstances, Plaintiff's Motion for an Extension of Time is denied to the extent that Plaintiff's Motion to Remand raises defects other than lack of subject matter jurisdiction."). Although Plaintiff's request to extend the time was itself filed within the thirty day period, it fails to identify any substantive reason for remand.  Thus, to the extent Plaintiff seeks permission to file a late motion to remand, the request will be denied.  On the other hand, the request to extend time to respond to the motion to dismiss will be granted.[1]

---

[1] Plaintiff indicates that she will "file a motion for sanctions against the attorneys for the County Defendants for their blatant and abusive tactics of knowingly misleading Plaintiff and the Court." (ECF No. 27, at 8).  Defendants have filed an opposition to what they have construed as Plaintiff's request for an extension of time to file a motion for sanctions. (ECF No. 30).  Plaintiff has not requested an extension of time to move for sanctions, however, but merely indicated her intention to file such a motion.  Although the record does not reflect a basis for sanctioning Defendants, the court need not decide the propriety of such a motion before it is even filed.

Accordingly, it is this 4th day of August, 2015, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 27) BE, and the same hereby IS, GRANTED IN PART and DENIED IN PART;

2. Plaintiff may have to and including August 28, 2015, to respond to the motion to dismiss, or, in the alternative, motion for summary judgment filed by Defendants Prince George's County, Maryland, Prince George's County Human Relations Commission, and D. Michael Lyles; and

3. The Clerk is directed to transmit a copy of this order directly to Plaintiff and counsel for Defendants.

                                            /s/
                              DEBORAH K. CHASANOW
                              United States District Judge