IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EALISE CRUMB                         :

                                                         :

   v.                                : Civil Action No. DKC 15-1719

                                                         :

McDONALD'S CORPORATION, et al.        :

### MEMORANDUM OPINION AND ORDER

Presently pending and ready for resolution in this discrimination case are: (1) a motion to determine the sufficiency of Defendant McDonald's Corporation ("McDonald's")'s answers to requests for admissions, filed by Plaintiff Ealise Crumb ("Plaintiff") (ECF No. 74); (2) Plaintiff's motion to determine the sufficiency of Defendant Ram Foods, Inc. ("Ram Foods")'s answers to requests for admissions (ECF No. 75); (3) Plaintiff's motion for leave to serve additional interrogatories (ECF No. 80); (4) a motion to strike Plaintiff's untimely discovery requests and stay further proceedings, filed by Defendants McDonald's and Ram Foods (collectively, "Defendants") (ECF No. 89); and (5) Defendants' unopposed motion for an extension of the motions deadline (ECF No. 91).[1] The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons,

---

[1] Other motions will be denied without prejudice to renewal if mediation is unsuccessful.

Plaintiff's motions regarding the sufficiency of Defendants' responses will be denied; Defendants' motion to strike discovery requests and stay proceedings will be granted; and Defendants' unopposed motion to extend the motions deadline will be granted.

A recitation of the factual and procedural background of this case can be found in the court's prior memorandum opinion granting in part and denying in part Defendants' motions to dismiss. (ECF No. 67, at 2-8). Discovery in this case closed September 6, 2016, and a settlement conference before Magistrate Judge William Connelly has been scheduled for January 30, 2017. (ECF No. 93).

Plaintiff has filed two motions regarding the sufficiency of Defendants' responses to numerous requests for admission, challenging nearly every response that was not an admission. (ECF Nos. 74; 75). Defendants filed identical responses to the motions, and Plaintiff filed replies. (ECF Nos. 78; 79; 87; 88). The crux of Plaintiff's motions is that Defendants' responses were insufficient because they refused to admit that the alleged discrimination occurred and refused to admit that Ram Foods's employees are also McDonald's employees, as Plaintiff contends. Defendants responded to Plaintiff's requests for admissions, and their responses are not insufficient simply because they refuse to admit to facts that are central to this dispute. Plaintiff contends that

2

Defendants' responses denying that Ram Foods's employee Ashley Alston made a discriminatory statement to Plaintiff are inconsistent with previous statements to the court, citing Ram Foods's reply in support of its motion to dismiss. (ECF No. 75-2, at 40-41). Ram Foods's argument in its motion to dismiss was that, assuming that the facts alleged in Plaintiff's complaint were true, Plaintiff had failed to allege sufficient facts to support a discrimination claim. (*See* ECF Nos. 44-1, at 9-12; 59, at 4-5). Ram Foods did not concede that the alleged facts were true, however, and therefore Defendants' denials are not inconsistent. Moreover, Plaintiff's requests for admissions characterize Ram Foods's employees as McDonald's employees and seek admissions regarding McDonald's day-to-day knowledge of and control over operations at the franchise. Plaintiff's own arguments demonstrate that these issues are in dispute in this litigation. (*See* ECF Nos. 74-2, at 10-13; 75-2, at 15-25; 87, at 2; 88, at 2; 78, at 2 & n.1). Upon review of Defendants' responses to Plaintiff's requests for admission, the court finds that Defendants' answers were sufficient. Accordingly, Plaintiff's motions will be denied.

Defendants have moved to strike untimely discovery requests and stay further proceedings. (ECF No. 89). Discovery closed on September 6. (ECF No. 71). Defendants' motion concerns Plaintiff's third set of requests for admissions, which contains

approximately 450 requests and was served on September 20 (*see* ECF Nos. 89-1, at 1; 94, at 2), and Plaintiff's motion for leave to file additional interrogatories and to reserve her first set of interrogatories, filed on September 13 (ECF No. 80).[2]

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed.R.Civ.P. 26(b)(2)(C).

Pursuant to Fed.R.Civ.P. 36(a)(1)(B): "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . the genuineness of any described documents." Plaintiff's third set of requests for admissions, Nos. 31-483, apparently relates solely to the authenticity of documents from the Prince George's County Human

---

[2] Defendants moved to strike all of Plaintiff's discovery requests made following the close of discovery, and did not file a separate opposition to Plaintiff's motion for leave to serve additional interrogatories. (*See* ECF No. 89-1).

Relations Commission's investigation of Plaintiff's claim. (*See* ECF Nos. 89-1, at 1 n.1; 94, at 2, 4, 10). These documents were provided to Plaintiff by Defendants in connection with their requests for admissions that these documents were authentic, complete, accurate, and admissible copies of the Commission's records. (ECF No. 94, at 2). Plaintiff denied Defendants' requests for admissions, and argues that it should instead be Defendants who "have to admit that these documents are 'authentic, complete, accurate and admissible records[.]'" (*Id.* at 4). Defendants have, however, already done so in serving their requests for admissions. The discovery Plaintiff seeks is unreasonably cumulative and duplicative. Plaintiff is not, of course, required to withdraw her denial of Defendants' requests for admissions, but Defendants' motion will be granted and Plaintiff's third set of requests for admission will be stricken.

Defendants' motion also concerns Plaintiff's motion for leave to reserve her first set of interrogatories and to serve additional interrogatories (ECF No. 80). Plaintiff seeks to change the name of the employee who allegedly discriminated against Plaintiff from "Ashley Alston" to "Ashley Austin" in her first set of interrogatories. Plaintiff's motion is based on an insurance form included in the Human Relations Commission's documents discussed above, in which the employee's name was

5

recorded as "Austin." (*Id.* at 5). Plaintiff alleges that this form is proof of fraud and witness tampering. Defendants contend that the form contains a typo (ECF No. 84, at 1), and have repeatedly and consistently identified the employee's name as "Alston," including in their requests for admissions and in their responses to Plaintiff's requests for admissions. (*See, e.g.*, ECF Nos. 94-1; 75-5). The burden and expense of Plaintiff's proposed discovery outweighs its likely benefit, *see* Fed.R.Civ.P. 26(b)(1)-(2), and accordingly, Plaintiff's motion as to her first set of interrogatories will be denied.

Second, Plaintiff moved for leave to serve fifty additional interrogatories on each defendant, arguing that Defendants' alleged concealment of Ms. Alston's identity is proof that "a large quantity of discovery" is necessary in this case. (ECF No. 80, at 15). "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed.R.Civ.P. 33(a)(1). Plaintiff states that some of the additional 100 interrogatories would be related to Defendants' objections to Plaintiff's first request for the production of documents. (*Id.*). A dispute regarding responses to requests for production is not an appropriate subject of additional interrogatories. Plaintiff

6

also seeks to serve additional interrogatories related to McDonald's policies, procedures, and product standards, arguing only that she could not have previously done so because of Fed.R.Civ.P. 33's limit on the number of interrogatories that may be served. (*Id.* at 13-14). It is not clear that the discovery Plaintiff seeks is within the scope permitted by Fed.R.Civ.P. 26(b)(1), but regardless, Plaintiff had the opportunity to pursue such discovery within the limits of the rules and within the discovery period set by the court's scheduling order. Plaintiff's motion will be denied, and Defendants' motion to strike will be granted.

Defendants have moved to stay further discovery and motions (ECF No. 89), and have moved for an extension of time to file motions for summary judgment until after the scheduled mediation process is concluded (ECF No. 91). Although discovery has closed, Plaintiff indicates in her motion for leave to serve additional interrogatories that she intends to continue to pursue additional discovery at this time. (*See* ECF No. 80, at 15-16). Given the scheduled mediation, Defendants' motions will be granted. Further discovery and motions are suspended until further order of the court, and a new motions deadline will be set if mediation is not successful. Plaintiff's motion to modify the scheduling order to extend discovery (ECF No. 76), and Defendants' motion to compel discovery (ECF No. 81), will be

7

denied without prejudice to renewal if mediation is not successful.[3]

Accordingly, it is this 18th day of November, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to determine the sufficiency of Defendant McDonald's Corporation's answers to requests for admission, filed by Plaintiff Ealise Crumb (ECF No. 74) BE, and the same hereby IS, DENIED;

2. The motion to determine the sufficiency of Defendant Ram Foods, Inc.'s answers to requests for admission, filed by Plaintiff Ealise Crumb (ECF No. 75) BE, and the same hereby IS, DENIED;

3. The motion for leave to serve additional interrogatories filed by Plaintiff Ealise Crumb (ECF No. 80) BE, and the same hereby IS, DENIED;

4. The motion to strike Plaintiff Ealise Crumb's untimely discovery requests and stay further proceedings filed by Defendants McDonald's Corporation and Ram Foods, Inc. (ECF No. 89) BE, and the same hereby IS, GRANTED;

---

[3] Defendants' motion for leave to file status report and opposition to motion to modify the scheduling order (ECF No. 82), will be denied as moot.

5. The motion for an extension of the motions deadline filed by Defendants McDonald's Corporation and Ram Foods, Inc. (ECF No. 91) BE, and the same hereby IS, GRANTED;

6. The motion to modify the scheduling order, including extension of discovery deadlines, filed by Plaintiff Ealise Crumb (ECF No. 76) BE, and the same hereby IS, DENIED without prejudice to renewal if mediation is not successful;

7. The motion to compel discovery filed by Defendants McDonald's Corporation and Ram Foods, Inc. (ECF No. 81) BE, and the same hereby IS, DENIED without prejudice to renewal if mediation is not successful;

8. The motion for leave to file status report on discovery and opposition to motion to modify the scheduling order filed by Defendants McDonald's Corporation and Ram Foods, Inc. (ECF No. 82) BE, and the same hereby IS, DENIED as moot;

9. This case BE, and the same hereby IS, STAYED pending further order of court; and

10. The clerk will transmit copies of the Memorandum Opinion and Order to counsel for the parties.

                                                     /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge