IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EALISE CRUMB                          :

    v.                                :   Civil Action No. DKC 15-1719

McDONALD'S CORPORATION, et al.        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this discrimination case are: (1) a renewed motion to compel discovery, filed by Defendants McDonald's Corporation and Ram Foods, Inc. (collectively, "Defendants") (ECF Nos. 81; 102); (2) a motion for reconsideration, filed by Plaintiff Ealise Crumb ("Plaintiff") (ECF No. 104); and (3) Plaintiff's renewed motion to modify the scheduling order to extend discovery (ECF Nos. 76; 103). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to compel will be granted in part and denied in part, and Plaintiff's motions will be denied.

A recitation of the factual and procedural background of this case can be found in the court's prior memorandum opinion resolving Defendants' motions to dismiss. (*See* ECF No. 67, at 2-8). Discovery in this case closed September 6, 2016. (ECF

No. 71). On November 18, 2016, the court denied Plaintiff's motions to determine the sufficiency of Defendants' discovery responses (ECF Nos. 74; 75), and motion for leave to serve additional interrogatories (ECF No. 80); granted Defendants' motion to strike Plaintiff's untimely discovery requests and stay further proceedings pending mediation (ECF No. 89); and granted Defendants' unopposed motion for an extension of the motions deadline (ECF No. 91). (ECF No. 95, at 8-9). Two other motions were denied without prejudice to renewal if mediation was not successful: Plaintiff's motion to modify the scheduling order to extend discovery (ECF No. 76), and Defendants' motion to compel discovery (ECF No. 81). (ECF No. 95, at 7). A settlement conference was held before Magistrate Judge William Connelly on January 30, 2017. (ECF No. 93). On January 31, the undersigned was advised that settlement efforts were unsuccessful, and the parties were instructed to renew their motions or advise the court if no renewed motion would be filed. (ECF No. 99). Both parties renewed their motions and filed additional responses.

**I. Defendants' Motion to Compel**

On February 16, 2017, Defendants filed a supplemental memorandum renewing their motion to compel discovery (ECF No. 81), and their motion to extend the deadline for filing

dispositive motions (ECF No. 91).[1] (ECF No. 102). The motion to compel was filed on September 29, 2016 (ECF No. 81), and Plaintiff filed a response in opposition on October 4 (ECF No. 92). Defendants did not file a reply.[2] Defendants moved to compel Plaintiff to provide discovery concerning her prior lawsuits for alleged racial discrimination and her mental health records, and to appear for a deposition. (ECF No. 81).

A.  **Defendants' Written Discovery Requests**

Defendants seek to compel discovery regarding other discrimination suits filed by Plaintiff, arguing that evidence of Plaintiff's previous claims may be admissible under Maryland

---

[1] As noted, the motion for an extension of the dispositive motions deadline until after the mediation process was concluded (ECF No. 91), was granted on November 18, 2016, and the parties were advised at that time that a new motions deadline would be set if mediation were not successful (ECF No. 95). On January 31, it was ordered that dispositive motions would be due thirty days after the court adjudicated any renewed motion. (ECF No. 99). As the parties have not advised the court of further mediation efforts, it is unclear what relief Defendants seek in renewing this adjudicated motion.

[2] The motion to compel was fully briefed when it was denied without prejudice to renewal. Although Defendants renewed their motion on the filed papers (ECF No. 102), Plaintiff filed a "renewed/amended" opposition (ECF No. 105), to which Defendants filed a reply (ECF No. 106). Plaintiff then filed another response. (ECF No. 110). As the court has previously noted (see ECF No. 67, at 29-30), surreply memoranda are not permitted to be filed unless otherwise ordered by the court under Local Rule 105.2(a). Defendants' supplemental memorandum renewing their motion presented no new arguments or facts beyond those included in their initial motion. Plaintiff's surreplies (ECF Nos. 105; 110) and Defendants' untimely reply (ECF No. 106) will not be considered here, and the motion to compel will be decided as originally briefed.

and District of Columbia law. They urge the court to "be mindful of the likelihood of repeated, substantially identical claims," arguing that "the degree of similarity among the claims is important, inasmuch as a series of disparate but *bona fide* claims seems more likely than a string of very similar ones." (ECF No. 81-1, at 10). Plaintiff argues that her previous discrimination claims are not relevant, noting that it is not "unusual for African Americans . . . to suffer repeated acts of race discrimination within a short period and at the hands of different persons," and that "race discrimination is just the way of life for African Americans." (ECF No. 92, at 9).

Whether information is admissible under the Federal Rules of Evidence is not synonymous with whether it is discoverable under the Federal Rules of Civil Procedure, and the admissibility of any lawsuits previously filed by Plaintiff is not presently before the court. Pursuant to Fed.R.Civ.P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of

>discovery need not be admissible in evidence
>to be discoverable.

The scope of discovery is broad, but it is not limitless. Defendants have asked for extensive discovery, not only of any claims for racial discrimination Plaintiff has "ever made," but also regarding "any other instance of racial discrimination (before or after the occurrence)" that Plaintiff has ever experienced. (ECF No. 81-1, at 5-6). Defendants argue that this information is relevant to their defense in the same way that evidence of a plaintiff's prior claim for similar physical injuries may be relevant to damages, to show "the amount of damages reasonably attributed to this incident when compared with the others." (*Id.* at 11). Plaintiff's claim concerns two discrete incidents of alleged discrimination that she alleges "cause[d] her hurt, embarrassment, humiliation . . . [and] a fear of going into another Defendant McDonald's restaurant for the rest of her life[.]" (ECF No. 92, at 15). She states that this harm is separate from her severe emotional distress, which "these Defendants didn't cause." (*Id.*). Defendants appear already to be aware of many of the claims on which they are seeking discovery; they note that Plaintiff's "long history of . . . litigation of racial discrimination claims" may be discovered through "[a] simple [G]oogle search." (ECF No. 81-1, at 1 (collecting cases)). They may also be able to obtain more

5

tailored discovery at Plaintiff's deposition. Most significantly, Plaintiff does not appear to be seeking the kind of damages that would make Defendants' personal injury cases an apt analogy. Defendants' discovery requests are not proportional to the needs of this case.

Defendants also seek discovery regarding Plaintiff's "claim-mindedness" or "litigiousness" generally, arguing that it may be presented to the jury. (*Id.* at 11-12). The court will not decide whether any such evidence would be admissible at trial at this time, but Defendants' discovery requests on this topic are overbroad. Again, given the public availability of court filings, the resources of the parties, and the limited importance of such information in resolving the issues presented in this case, the discovery Defendants seek is not proportional to the needs of this case.

Finally, Defendants have moved to compel responses to their discovery requests regarding Plaintiff's mental health history and treatment, arguing that she opened the door to such discovery by making a claim for non-economic damages. (*Id.* at 12-13). Defendants also contend that evidence of mental health treatment "could be admissible on the issue of liability because [the employee] denied she made the offending comment." (*Id.* at 13). They assert, with no other basis than the accused employee's denial of the incident and Plaintiff's supposed

history of mental health treatment, that "Plaintiff may suffer from irrational feelings of persecution, or even hear voices calling her bad names." (*Id.* at 13). Plaintiff has not alleged that she suffered a severe psychological impact from the alleged discrimination, and she need not disclose records pertaining to her mental health at this stage of the case. Defendants' motion to compel responses to their interrogatories and requests for production therefore will be denied.

  B.  **Deposition of Plaintiff**

Defendants have also moved to compel Plaintiff's attendance at her deposition. Plaintiff's deposition was originally noticed for August 22, 2016. (*See* ECF No. 81-2, at 28). It was rescheduled at her request to accommodate her schedule and preferred location. (*See id.* at 29-32). Three days before her rescheduled deposition, Plaintiff informed Defendants' counsel that, although she did not "have a problem having [her] deposition taken," she would not attend the deposition. (*Id.* at 33). Plaintiff states that she cancelled her deposition because she was dissatisfied with Defendants' responses to her discovery requests. (*Id.;* ECF No. 92, at 16-18). While she reiterates in her opposition to the motion to compel that she will submit to a deposition, Plaintiff "requests that her deposition be taken after the Defendants have provided Plaintiff with ample discovery in this case." (ECF No. 92, at 18).

Sanctions are available under Fed.R.Civ.P. 37(d) where a party fails to appear for her own deposition, and a failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed.R.Civ.P. 37(d)(2); *see also* Local Rule 104.3 ("Unless otherwise ordered by the Court, the existence of a discovery dispute as to one (1) matter does not justify delay in taking any other discovery."). Plaintiff did not move for a protective order before refusing to attend her deposition. She also has not filed a motion to compel regarding the discovery responses that she claims justified her cancellation of the deposition, and the adequacy of those responses is not before the court. The court is aware that Plaintiff is unsatisfied with the discovery she has received in this action, but her perception that discovery has been one-sided does not justify her failure to appear at her deposition. Defendants have not sought sanctions at this time, but instead request an order compelling Plaintiff to submit to a deposition. (*See* ECF No. 81-1, at 13). Accordingly, Defendants' motion to compel Plaintiff's deposition will be granted, and the parties will be instructed to schedule the deposition promptly.

**II. Plaintiff's Motion for Reconsideration**

Plaintiff has moved for reconsideration or modification of the court's order (ECF No. 95) denying her motion for leave to serve additional interrogatories (ECF No. 80). (ECF No. 104). Defendants responded in opposition (ECF No. 107), and Plaintiff filed a reply and an amended reply (ECF Nos. 111; 113).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). In the United States Court of Appeals for the Fourth Circuit, the precise standard governing a motion for reconsideration of an interlocutory order is unclear. *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). While the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such motions, *Akeva, LLC v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005).

> Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing

> questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Akeva*, 385 F.Supp.2d at 565-66 (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *1-2 (D.Md. Aug. 4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)). A motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court. *Beyond Sys., Inc.*, 2010 WL 3059344, at *2.

Plaintiff's motion sought to change the name of the employee who allegedly discriminated against her from "Ashley Alston" to "Ashley Austin" in her first set of interrogatories, based on an insurance intake form in which the employee's name was recorded as "Austin," and requested leave to serve fifty additional interrogatories on each of the Defendants. (ECF No. 80). She argues for reconsideration of the court's denial on the ground that it was based on clear error or would work manifest injustice. (ECF No. 104, at 5). According to Plaintiff, the "mistake" she made in her motion was not directing the court's attention to the multiple appearances of

10

the name "Austin" and other alleged mischaracterizations of the incident on the insurance intake form. (*Id.* at 6-8). The additional evidence to which Plaintiff points was available to her when she filed the original motion, and she advances the same arguments previously rejected by the court. Plaintiff has not shown that the court's prior decision was based on clear error or would work manifest injustice, and her motion for reconsideration will be denied.

**III. Plaintiff's Motion to Modify the Scheduling Order**

Plaintiff has renewed her motion to modify the scheduling order to extend discovery deadlines (ECF No. 76). (ECF No. 103).[3] Discovery closed on September 6, 2016. (ECF No. 71). Plaintiff argues that additional time is necessary to complete discovery. Defendants respond that discovery should not be reopened because Plaintiff cannot show that discovery could not be completed in the time allotted despite her diligent efforts. (ECF No. 84, at 1-2). Defendants also argue that the additional discovery Plaintiff seeks would be inadmissible on her claim and unlikely to lead to the discovery of admissible evidence. (*Id.* at 2).

---

[3] Although this motion was fully briefed when it was denied without prejudice to renewal (*see* ECF Nos. 76; 84; 90; 95), Plaintiff also filed a new motion to modify the scheduling order (ECF No. 103), to which Defendants responded (ECF No. 108). Plaintiff then filed a reply and amended reply (ECF Nos. 109; 112).

Fed.R.Civ.P. 16(b) governs the modification of a scheduling order. District courts have broad discretion to manage the timing of discovery, *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986), and the only formal limitation on this discretion with respect to consideration of motions to amend scheduling orders is that the moving party demonstrate good cause, Fed.R.Civ.P. 16(b)(4). *See Dent v. Montgomery Cty. Police Dep't*, 745 F.Supp.2d 648, 663 (D.Md. 2010). "'Good cause' is shown when the moving party demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts." *Id.* (citing *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D.Md. 1999)).

Plaintiff's motion requests a six-month extension of discovery so that she may serve additional discovery requests and take depositions. She contends that "there are follow-up Interrogatories that must be served on these Defendants," and argues for an extension of discovery because "[t]he Court did not rightly deny Plaintiff's motion for leave to serve additional interrogatories." (ECF No. 109, at 11). Plaintiff also seeks to extend discovery so that she may obtain additional discovery as to Ms. Alston's identity. In her original motion, she argued that discovery deadlines should be extended because "Plaintiff has wasted discovery tools . . . because her Interrogatories, Request for Production and Request for

12

Admissions all contain the name of the fictitious person, 'Ashley Alston.'" (ECF No. 76, at 8). In her renewed motion, she requests an extension so that she may subpoena the Maryland Motor Vehicle Administration to obtain a copy of Ms. Alston's driver's license and "depose the pertinent witnesses in this case." (ECF No. 109, at 16; *see also* ECF No. 103, at 11). Finally, Plaintiff argues that, because "Defendants want[] every discrimination lawsuit that Plaintiff has filed, Plaintiff is also entitled to all of the race discrimination, sex discrimination, employment discrimination, strip searches, disability discrimination, public accommodation, etc. lawsuits filed by any customer, employee, contractor, supplier and franchisee against Defendant McDonald's and Ram Foods." (ECF No. 76 at 9).

Plaintiff has not shown the existence of good cause to modify the scheduling order. As the court found in denying Plaintiff's motion for leave to serve additional interrogatories, "Plaintiff had the opportunity to pursue such discovery within the limits of the rules and within the discovery period set by the court's scheduling order." (ECF No. 95, at 7). The court has also denied Plaintiff's request for additional discovery as to Ms. Alston's identity, noting that Defendants "have repeatedly and consistently identified the employee's name as 'Alston,' including in their requests for

admissions and in their responses to Plaintiff's requests for admissions," and finding that the burden and expense of the proposed discovery outweighed its likely benefit. (ECF No. 95, at 6). Plaintiff separately moved for reconsideration of the court's denial of leave to serve additional interrogatories and for additional discovery related to Ms. Alston, and reconsideration will be denied as discussed above. Moreover, Defendants represent and Plaintiff does not dispute that the insurance intake form on which she bases her arguments regarding Ms. Alston's identity was produced to her on June 7, 2016, three months before the discovery deadline and before Plaintiff served any discovery requests. It is unclear who Plaintiff now seeks to depose, but she has offered no justification for her failure even to notice those depositions during the scheduled discovery period. She has also not explained why she could not seek discovery regarding other suits against Defendants within the time allotted. Plaintiff cannot serve additional interrogatories, and she has not shown that she diligently pursued the depositions of unidentified witnesses or discovery regarding Ms. Alston's identity and other lawsuits against Defendants. Accordingly, Plaintiff's motion to modify the scheduling order to allow for additional discovery will be denied.

Plaintiff also requests modification of the scheduling order so that she may file motions to compel regarding her July 25, 2016, interrogatories and August 3, 2016, request for the production of documents.[4] (ECF No. 103, at 10-11). Plaintiff states that she could not file these motions after Defendants filed their motion to stay proceedings or while her motion to modify the scheduling order was pending.[5] (*Id.*).

Under Local Rule 104.8, a motion to compel must be filed within thirty days of a party's receipt of the response. Defendants state that they provided discovery responses on August 30, 2016; September 23, 2016; October 14, 2016; October 20, 2016; and March 3, 2017. (ECF No. 108, at 2).[6] Given the dates of Defendants' discovery responses and Plaintiff's belief that she was not permitted to file a motion to compel earlier,

---

[4] Plaintiff additionally requests modification of the scheduling order so that she may request leave to file a motion for reconsideration of the court's February 26, 2016, order dismissing all claims against Defendant D. Michael Lyles. (ECF No. 103, at 10-11). While a motion for reconsideration of this order may be untimely under Local Rule 105.10, it is not affected by the scheduling order.

[5] Defendants' motion to stay proceedings was filed on September 23, 2016, but it was not granted until November 18. (*See* ECF Nos. 89; 95). Plaintiff states that she had informed Defendants prior to the filing of their motion that she would file a motion to compel on September 25, and that she believed she could not do so after the motion to stay was filed. (*See* ECF Nos. 103, at 10-11; 109, at 7-8).

[6] The court also notes Plaintiff's April 25, 2017, filing (ECF No. 115), which encloses an April 7, 2017, response to Plaintiff's request for production.

15

if Plaintiff believes a motion to compel is still necessary to resolve the parties' dispute over Defendants' responses to Plaintiff's requests for production or interrogatories served prior to September 6, 2016, then a motion to compel served within fourteen (14) days of this order will be considered timely served. The parties should follow the procedure outlined in Local Rule 104.8, and not file the motion to compel with the court unless the parties cannot resolve their differences after briefing the motion and holding a conference. Plaintiff has noted that she previously sent Defendants five letters "as a meet and confer" that went unanswered. (ECF No. 109, at 5-6). Prior to filing a motion to compel with the court, the parties must "confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them." Local Rule 104.7. The moving party must file a certificate with the motion to compel "reciting (a) the date, time, and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court." *Id.* Both parties are expected to confer with one another in good faith and make a sincere attempt to resolve any outstanding disagreement.

Defendants request an award of $1500.00 for costs and attorney's fees purportedly incurred in responding to this

motion. (ECF No. 108, at 3). The court denied Plaintiff's motion to modify the scheduling order without prejudice to renewal (ECF No. 95), and instructed Plaintiff that she could renew her motion (ECF Nos. 99; 101). Defendants' request for sanctions will therefore be denied.

Accordingly, while Plaintiff's motion to modify the scheduling order will be denied, she may, if necessary, serve a motion to compel regarding her timely discovery requests as described above. Unless a motion to compel is filed with the court, the dispositive motion deadline will be thirty (30) days from the date of Plaintiff's deposition.

**IV. Conclusion**

For the foregoing reasons, Defendants' motion to compel will be granted in part and denied in part, and Plaintiff's motions for reconsideration and to modify the scheduling order will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge